IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIEL NIEVES-HERNANDEZ

  Plaintiff,

        v.

PUERTO RICO ELECTRIC POWER AUTHORITY, ET AL.,

    Defendants.

Civ. No. 04-2209(PG)

## OPINION AND ORDER

On November 3, 2004, plaintiff Mariel Nieves Hernandez ("Nieves" or "plaintiff") filed suit against the Puerto Rico Electric Power Authority ("PREPA"), Hector Rosario ("Rosario"), Ramon L. Rodriguez-Melendez, Nitza Vazquez ("Vazquez") Maria Mercedes Mendez-Rivera, Ana T. Blanes-Rodriguez ("Blanes"), and Maria Hernandez-Torrales (collectively "defendants")(Docket No. 1.) Before the Court is defendant Blanes' Motion to Dismiss (Docket No. 77.) For the following reasons, the Court **GRANTS** defendant's motion.

## FACTUAL BACKGROUND

Nieves has been working at PREPA since 1999 at the Office of Environmental Law Affairs. She labored as a Legal Secretary and up to 2002 also performed the duties of Administrative Coordinator. Plaintiff is an active member of the New Progressive Party ("NPP"), a fact known by defendants. In November 2000, general elections were held in Puerto Rico and a change of administration took place from the NPP to the Popular Democratic Party ("PDP"). The newly elected Governor appointed defendant Rosario as Executive Director of PREPA. Plaintiff alleges that defendants are all PDP members.

On July 22[1], co-defendant Vazquez was appointed Administrator of the Office of Environmental Law Affairs in substitution of attorney John A. Uphoff Figueroa, an active NPP member. Nieves claims that since Vazquez' appointment,

---

[1] The Complaint does not state of what year. After reading the complaint the Court assumes plaintiff is referring to June 2002.

she became the object of defendants' persecution[2]. Plaintiff avers that the discrimination continued and increased to the point where she had to seek medical attention.

Nieves filed the present complaint alleging violations of her rights under the First, Fifth, Ninth, and Fourteenth Amendments to the U.S. Constitution and pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1998; retaliation under 42 U.S.C. §2000E and the Fair Labor Standards Act, 29 U.S.C. §215(a)(3) and 216; as well as supplemental law claims[3]. (Docket No. 1.) It is alleged that to this date, defendants continue the harassment, persecution and discrimination against plaintiff because she is an NPP member. Furthermore, that all of the defendants have acted with a meeting of their minds since the change of administration in 2001 when it is alleged they began persecuting all NPP followers.

## DISCUSSION

### I. RULE 12(B)(6) STANDARD[4]

When ruling on a 12(b)(6) motion a court must accept all well-pled

---

[2] For example, on October 2002, Vazquez assigned the duties of Administrative Coordinator to Mrs. Ines Rivera in substitution of Nieves. Plaintiff claims that she is better qualified for the position in comparison with Mrs. Ines Rivera who has less academic preparation than she. Furthermore on January 2003, co-defendant Vazquez hired Mrs. Glenda Vazquez as Legal Secretary and assigned more of plaintiff's duties to her leaving plaintiff with less and less duties under her responsibility.

[3] The claims in the complaint are:
  I. Civil rights claim pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1998 including:
    1. Political Discrimination, Harassment and Retaliation in violation of the First Amendment of the U.S. Constitution.
    2. Violation of her rights under the Fifth and Ninth Amendment of the U.S. Constitution
    3. Having been denied Equal Protection under the under the Fourteenth Amendment of the U.S. Constitution.
  II. Conspiracy to deprive her of her equal protection rights under 42 U.S.C. §§ 1983, 1985), 1986 and 1988.
  III. Retaliation claim under Title VII, 42 U.S.C. §2000E
  IV. Retaliation under the Fair Labor Standards Act claim pursuant to 29 U.S.C. §215(a)(3) and 216.
  V. Supplemental law claims:
    1. Sections 1, 4, 6, 7, 8 and Article II of the Constitution of the Commonwealth of Puerto Rico;
    2. Law 100 of June 30, 1959, 29 P.R. Laws Ann. § 146l;
    3. Law 115 of December 20, 1991, 29 P.R. Laws Ann. §194; and
    4. Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. §5141 & 5142.

[4] The Court is aware that defendant Blanes has answered the Complaint (Docket No. 110), therefore, her motion is actually a motion for judgment on the pleadings pursuant to Rule 12(c). Nevertheless, the standard of review is identical to the Rule 12(b)(6) standard. See Scheuer v. Rhodes, 416 U.S. 232, 236-237 (1974).

factual averments as true and draw all reasonable inferences in favor of the non-moving party. Berezin v. Regency Savings Bank, 234 F.3d 68, 70 (1st Cir. 2000). A complaint should not be dismissed unless it appears beyond any doubt that the non-moving party can prove no set of facts which may support a claim entitling him or her to relief. Ronald C. Brown v. Hot, Sexy, and Safe Productions, Inc., 68 F.3d 525 (1st Cir.1995); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While this standard is very generous to the non-moving party, it does not follow that it is completely "toothless". Zeus Projects Limited v. Pérez & Cia, 187 F.R.D. 23, 26 (D.P.R. 1999). The complainant may not rest merely on "unsupported conclusions or interpretations of law." Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993). In order to survive a motion to dismiss, he or she must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooly v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988). The Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996).

## II. **ANALYSIS**

Defendant Blanes claims that the facts in the complaint that relate to her can hardly be connected to any alleged deprivation of federally protected rights. She argues that the mere fact that she occupied a sensitive position at PREPA[5] by itself is not enough to comply with the pleading requirements under Federal Rule of Civil Procedure 8(a)(2)[6]. Blanes insists that there are no allegations that indicate that Plaintiff had any direct working relation with her or that she was in any way personally involved in the alleged incidents of discrimination. Furthermore, she claims that the complaint fails to explain how Blanes is accountable for the alleged actions or omissions carried out by others against Nieves. In sum, Blanes moves to dismiss plaintiff's complaint because the averments contained therein do not establish her personal participation in any of the discriminatory actions nor does it establish a causal connection between plaintiff's political beliefs and Blanes

---

[5] Defendant Blanes no longer works at PREPA.

[6] Fed. R. Civ. P. (8)(a) states in pertinent part: "a pleading which sets forth a claim for relief, ... shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief....

actions.

### A. Conspiracy under 42 U.S.C. §§ 1985 & 1986.

To state a claim of conspiracy under § 1985(3):

> a plaintiff must allege the existence of (1) a conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons ..., of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege.

Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). The conspiracy must be motivated by some "racial, or perhaps otherwise class-based, invidiously discriminatory animus." Torres-Rosado v. Rotger-Sabat, 335 F.3d 1, 14 (1 st Cir. 2003) (citations omitted); see Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Andrade v. Jamestown Housing Authority, 82 F.3d 1179, 1192 (1st Cir. 1996); Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 34 (1st Cir.1996).

Furthermore, § 1986 states:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured ... for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.

42 U.S.C. § 1986.

A simple reading of the complaint reveals that plaintiff does not allege that defendants acted motivated by racial or other class-based invidiously discriminatory animus. See Torres-Rosado, 335 F.3d at 14. Accordingly, she fails to state a claim under §1985. Likewise, with regards to §1986, the complaint contains only one single general allegation claiming that "all other codefendants had knowledge of the alleged incidents of discrimination, and they participated with their acts or omissions". (See Docket 1 at 22 ¶58.) There are no averments indicating which co-defendant knew of the alleged discriminatory actions, what was the extent of their knowledge, and how exactly they participated or failed to prevent the commission of those discriminatory acts. Hence, plaintiff fails to state a claim under ¶1986 as well.

### B. 42 U.S.C. § 1983

To state a claim under §1983, plaintiffs must allege:(1) that defendants acted under color of state law and (2) that defendants deprived them of a federally protected right. See Rogan v. City of Boston, 267 F.3d 24, 27 (1st Cir. 2001). Plaintiff alleged that defendants acted under color of state law. (Docket No. 1 at 25 ¶67.) Thus, the Court must determine whether defendants' actions under color of law deprived Nieves of her rights under the First, Fifth, Ninth and Fourteenth Amendment to the U.S. Constitution. The Court shall address each *seriatim*

#### 1. *First Amendment Political Discrimination, Harassment and Retaliation claim*

The First Amendment protects public employees from adverse job decisions based solely on their political affiliation and beliefs. See Board of County Com'rs, Wabaunsee County, Kan. v. Umbehr, 518 U.S. 668, 675 (1996)(internal citations omitted). See Elrod v. Burns, 427 U.S. 347(1976). Under no circumstances may the government "deny a benefit to a person on a basis that infringes his constitutionally protected ... freedom of speech' even if he has no entitlement to that benefit. Umbehr, 518 U.S. at 674(quoting Perry v. Sindermann, 408 U.S. 593, 597(1972)).

To establish a prima facie case of political discrimination, plaintiff must allege facts that show that there is a causal connection linking defendants allegedly discriminating acts to plaintiff's political beliefs. See Gonzalez-Pina v. Rodriguez, 407 F.3d 425, 431-432 (1st Cir. 2005); LaRou v. Ridlon, 98 F.3d 659, 662 (1st Cir. 1996). See also Rutan v. Republican Party of Ill., 497 U.S. 62, 75 (1990); Acevedo-Garcia v. Vera-Monroig, 204 F.3d 1, 7 (1st Cir. 2000); Agosto-de-Feliciano v. Aponte-Roque, 889 F.2d 1209, 1217-20 (1st Cir.1989); Acevedo-Garcia v. Vera-Monroig, 170 F.Supp.2d 169, 172 (D.P.R. 2001); Ramos-Biaggi v. Martinez, 98 F.Supp.2d 171, 177-178 (D.P.R. 2000). For political affiliation to be a motivating factor behind an adverse employment action, those responsible for the deprivation of constitutional rights must have had knowledge of the plaintiff's political affiliation. See Goodman v. Pennsylvania Turnpike Comm'rs, 293 F.3d 655, 64 (3d Cir. 2002). See also Umbehr,518 U.S. at 675( plaintiff "must prove that the conduct at issue was constitutionally protected, and that it was a substantial or motivating factor" . See Mt. Healthy City Sch. Dist. Bd. v. Doyle, 429 U.S. 274, 287 (1977).

Defendant Blanes avers that the allegations in the complaint focus primarily on incidents between plaintiff and Attorney Nitza Vazquez. The only event in the complaint regarding Blanes is that following plaintiff's June 2004 meeting with Eng. Juan Alicea, as per the latter's request, Blanes found a new position for plaintiff as Training Officer. (Docket No. 1 at 23 ¶60.) Blanes insists that this one incident alone, even taking it as true, does not yield any reasonable inference as to any deprivation of constitutional rights or as to her personal involvement. The Court agrees.

Blanes is mentioned a total of five (5) times in the Complaint: (1) in the case caption (see p.1); (2) in averment 10 at p. 5 regarding co-defendant Ramon L. Rodríguez Melendez[7]; (3) in averment 12 at pp. 5-6 which describes Blanes' prior position and functions at PREPA[8]; (4) in averment 60 at p. 23 which is the one about the meeting with Eng. Alicea and Blanes subsequent offer of the Training Position to plaintiff[9]; and (5) in averment 64 at p. 24

---

[7] Paragraph number 10 of the complaint states:
  Co-defendant Ramon L. Rodriguez Melendez, is PREPA's General Administrator of the Labor Affairs Office and as such he had and has the authority to establish corporate policies with respect to personnel, including compensation, promotion and classification plans, evaluation standards and other determination regarding the facts alleged in this complaint. Said defendant also made and/or participated in some of the determinations and/or expression which constituted political discrimination and which are part of hit complaint, and conspired with co-defendants Hector Rosario, Ana T. Blanes, .........to deny personnel rights to Plaintiff including promotion for which she qualified and to persecute her and/ or discriminate against her with political animus as part of the pattern of political discrimination against her.....

[8] Paragraph number 12 of the complaint states:
  Ana T. Blanes is the Director of PREPA's Human Resources Division, and the decision maker with direct authority to establish corporate polity with respect to discrimination against Plaintiff. She had at the moment of the facts of this case, the legal authority and duty to direct and administer PREPA's Human Resources Division, including hiring, promotion, classification plans, reclassification, all matter related to employer - employee relation as well as other policies related to compliance with other federal and state laws applicable to PREPA's employees. She is being sued in this complaint both in her personal and official capacity. She conspired with the rest of the codefendant in this case against Plaintiff as part of the patter of political discrimination and retaliation against her.

[9] Paragraph number 60 of the complaint states:
  Plaintiff requested a meeting with Eng. Juan Alicea who supervises codefendant Nitza Vazquez. ... She asked him to intercede so that codefendant would withdraw the charges

stating that Blanes was also the President of an organization whose members are active PDP members known as Popular Energetics ("Energía Popular")[10]. It is pellucid that these allegations do not establish a cause of action for political discrimination against Blanes.

Plaintiff claims that the position of Training Officer Blanes offered her was "in substitution, not permanently as was the position she was currently holding." (Complaint, Docket No. 1 at 23¶ 60.)  She further claims that instead of offering her the position, Eng. Alicea and Blanes should have stopped co-defendant Vazquez from continuing to persecute, harass and discriminate against her because she was an active NPP. See id.

There are no allegations in the complaint to support that Blanes' decision to offer plaintiff the Training Position was because she was an NPP member. Indeed, plaintiff went to Eng. Alice to complain about Vazquez and not Blanes' alleged discriminatory actions. What is more, it appears from the complaint that Blanes offered plaintiff the position to alleviate her allegedly stressful situation under Vazquez' supervision due to the latter's discrimination against her.  In sum, from the complaint the Court cannot reasonably infer that Blanes acted motivated by political animus.

---

> she had pressed against Plaintiff so that she would take the payroll our of co-defendant's office and so that shw would case [sic] harassing and persecuting her. To this Eng. Alice answered among other things, that he would try do so but could not make any promise in said respect... Alicea suggested that he was going to find her a new position due to her academic preparation. They met again on June 4, 2004, and he advised Plaintiff that he had met with Ana T. Blanes, codefendant in this case, and had found position for he as Training Officer in substitution, not permanently as was the position she was currently holding. Therefore, afterwards she refused the position. Moreover, Plaintiff though [sic] that what they should have done instead of moving her was to have co defendant stop persecuting, harassing and discriminating [sic] her due to the fact that Plaintiff was an active NPP.

[10] Paragraph number 64 of the complaint states:
> At all times relevant to this complaint defendants have acted with discriminatory animus against Plaintiff due to the fact that is was know to them that she was and is an active NPP member, and defendant actions towards Plaintiff has [sic] been different that the treatment given to employees who were and are active PDP members. It is important to know that during most of the time relevant to the facts of this complaint co-defendant Ana T. Blanes was not only the Director of the Human Resources Department but was also the President of [sic] organization whose members are active PDP members known as Popular Energetics ("Energía Popular").

Plaintiff claims that the Court should also consider that Blanes was the President of an organization whose members are active PDP members known as Popular Energetics ("Energía Popular"). (Docket No. 1 ¶ 64 at p. 24). However, the fact that Blanes was an active member of the PDP and plaintiff of the NPP is insufficient to establish a prima facie case of discrimination. It is well-settled that "a showing of political animus requires more than merely juxtaposing a protected characteristic-someone else's politics-with the fact that plaintiff was treated unfairly." Gonzalez-Pina, 407 F.3d at 432 (citation and internal quotations omitted)).

In sum, even taking the allegations in complaint in the light most favorable to plaintiff, the Court finds it lacks the necessary facts to show that there is a causal connection between Blanes' action (the job offer) and plaintiff's political beliefs or that she was somehow part of the alleged pattern of political discrimination against plaintiff. Accordingly, the Court dismisses the political discrimination claim against Blanes.

### 2.   *Fourteenth Amendment Equal Protection claim*

The "Fourteenth Amendment, through the Equal Protection Clause, prohibits state action that treats those who are similarly situated in a differential manner." Lopez-Rosario v. Police Dept., 126 F.Supp.2d 167, 173 (D.P.R. 2000). See City of Cleburne, Texas v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). "In other words, the government may not treat similarly situated people differently based on classifications made without justification." Davila Aleman, 992 F.Supp. at 101. "The character of the classification determines the requirements of the justification." Id. (citations omitted). See Plyler v. Doe, 457 U.S. 202, 216-17 (1982); Schweiker v. Wilson, 450 U.S. 221, 234-35. A plaintiff who claims that a "governmental action violates the Equal Protection Clause must show that she [or he] is 'the victim of intentional discrimination'." Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 256(1981). See Garcia-Figueroa v. Puerto Rico, 204 F.Supp.2d 281, 286 (D.P.R. 2002). Thus, to state a claim under the Equal Protection Clause, plaintiff must allege not only that defendants were aware of her membership in a protected group and/or of her protected expression, but also that defendants acted because of her protected conduct. See Personnel Administrator v. Feeney, 442 U.S. 256, 279 (1979).

A review of the complaint reveals that all of the allegations pertaining

to the Equal Protection claim regard other defendants and not Blanes. Therefore, the Court dismisses the Equal Protection claim against Blanes inasmuch as the complaint is devoid of any statements indicating that she injured plaintiff's Fourteenth Amendment Rights.

### 3. *Conspiracy under 42 U.S.C. §§ 1983, 1985, 1986.*

Plaintiff claims defendants conspired to deprive her of her First Amendment and Equal Protection Rights. A civil rights conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages." Earle v. Benoit, 850 F.2d 836, 844 (1 st Cir. 1988)(citations and internal quotation marks omitted.) For a "conspiracy to be actionable under section 1983 the plaintiff has to prove that there has been, besides the agreement, an actual deprivation of a right secured by the Constitution and laws." Id. (quoting Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir.1980).

The Court has reviewed the complaint and finds it also fails to state a claim of conspiracy against co-defendant Blanes. Plaintiff's only allegation regarding conspiracy against Blanes reads as follows: "She conspired with the rest of the codefendants in this case against Plaintiff as part of the pattern of political discrimination and retaliation against her." (Docket No. 1, at 6 ¶12. Aside this general assertion, plaintiff does not include any factual references that would indicate how Blanes participated in the alleged conspiracy.

Having carefully reviewed the complaint[11], we find it fails to allege the necessary facts to show that a conspiracy existed. The Court agrees with the defendants in that although plaintiff generally alleges a conspiracy (or a "meeting of the minds") among defendants to discriminate against her she fails to allege any specific facts indicating the existence of such a conspiracy.

> [F]ederal courts have come to insist that the complaint state with specificity the facts that, in the plaintiff's mind, show the existence and scope of the alleged conspiracy. It has long been the law in this and other circuits that complaints cannot survive a

---

[11] The term conspiracy is mentioned 3 times in the complaint and the term conspired 4 times. None of these 7 mentions are actual factual allegations regarding the conspiracy claim. They all general assertions stating that defendants conspired to deprive plaintiff of her rights.

> motion to dismiss if they contain conclusory allegations of conspiracy but do not support their claims with references to material facts.

Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir.1977) (citing Dunn v. Gazzola, 216 F.2d 709, 711 (1st Cir.1954); see Torres-Rosado, 204 F.Supp.2d at 266-67. "[S]imply alleging that defendants acted jointly and in concert and under color of law is insufficient." Torres-Rosado, 204 F.Supp.2d at 266-67 (citing McGillicuddy v. Clements, 746 F.2d 76 (1st Cir. 1984). Accordingly, plaintiff's §1983 conspiracy claim against Blanes is also dismissed.

### 4.   *Fifth Amendment claim*

The due process clause of the Fifth Amendment provides that: "No person shall ... be deprived of life, liberty, or property, without due process of law ...." U.S. Const. amend. V., see Gerena v. Puerto Rico Legal Services, Inc., 697 F.2d 447, 449 (1st Cir. 1983). It is well-settled that the Fifth Amendment "applies to actions of the federal government, not those of private individuals." Id. (citing Public Utilities Commission v. Pollak, 343 U.S. 451, 461 (1952). Blanes is a state actor, not a federal actor. Accordingly, the Fifth Amendment claim against Blanes must be dismissed.

### 5.   *Ninth Amendment claim*

The Ninth Amendment states: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. Amend. IX. A review of the complaint reveals that plaintiff has not stated what federal right under the Ninth Amendment Blanes has violated. Therefore, the Court dismisses the Ninth Amendment claim against Blanes as well.

### C. **Remaining Federal Claims**

Having dismissed all the constitutional claims the only remaining claims against Blanes are the retaliation claim under Title VII, 42 U.S.C. §2000E, and the supplemental law claims. Although Blanes does not move for dismissal of the Title VII claim, it is well-settled that individual defendants are not liable under Title VII. See Gomez Gonzalez v. Guidant Corp., 364 F.Supp.2d 112, 115-116 (D.P.R. 2005). Furthermore, prior to bringing a Title VII complaint in federal court, an employee must first exhaust her administrative remedies. See Brown v. General Services Admin., 425 U.S. 820, 832-33 (1976); Morales v. Mineta, 220 F.Supp.2d 88, 91 (D.P.R.2002). "Failure to exhaust administrative remedies bars the courthouse door, as courts long have

recognized that Title VII's charge-filing requirement is a prerequisite to the commencement of a suit." Lebrón-Rios v. United States Marshal Serv., 341 F.3d 7, 14 (D .P.R.2003); Vizier v. University of P.R., 323 F.Supp.2d 256, 262 (D.P.R.2004)(citing Bonilla v. Muebles J.J. Alvarez Inc., 194 F.3d 276, 278 (1st Cir.1999)). Plaintiff has not alleged or presented any document to support that she exhausted the required administrative remedies prior to filing suit in federal court.

In light of the foregoing, the Court hereby dismissed plaintiff's Title VII claim against Blanes.

### D. Supplemental Law Claims

Usually, when all federal claims are dismissed, the Court declines to exercise supplemental jurisdiction over a plaintiff's supplemental jurisdiction claims. See Camelio v. American Federation, 137 F.3d 666, 672 (1st Cir. 1998); Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir.1995). Here, the Court has dismissed all of plaintiffs federal claims against co-defendant Blanes, thus, it will not exercise supplemental jurisdiction over plaintiff's state law claims against her.

### CONCLUSION

WHEREFORE, the Court **DISMISSES WITH PREJUDICE all federal claims against co-defendant Blanes**. Furthermore, the plaintiff's supplemental law claims against Blanes are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 16, 2006

                                        S/JUAN M. PEREZ-GIMENEZ
                                        U. S. DISTRICT JUDGE